# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| TARVIS WILLIAMS and CORIE GREEN,<br><br>            Plaintiffs,<br><br>    v.<br><br>LA QUINTA DEVELOP-MENT PARTNERS L.P. and its wholly-owned subsidiary BRE/LQ PROPERTIES, L.L.C., d/b/a LA QUINTA INN,<br><br>            Defendants. | Case No. 16-2483<br>Magistrate Jeffrey Frensley<br>Hon. Terrence G. Berg |

**ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE (Dkt. 19) AND DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO PROSECUTE (Dkt. 15) AND TO STRIKE OR IN THE ALTERNATIVE FOR PERMISSION TO FILE A REPLY (Dkt. 20)**

## I.  Introduction

This is a negligence action against a Nashville La Quinta Inn for failing to adequately protect its guests from outside intruders. Tarvis Williams and Corie Green ("Plaintiffs") were followed to their room during a stay at La Quinta, tortured, and robbed. Dkt. 1-1.

Plaintiffs originally filed this action in state court in August, 2016 and Defendants removed it to federal court in September. Dkt. 1. After the case was removed Plaintiffs did little to advance this litigation: they twice failed to submit proposed case management orders, did not appear at the Initial Case Management Conference, and did not serve or respond to any discovery during the discovery period, which ended on June 22, 2017. *See* Dkts. 15 at Pg ID 2-3; 20-1 at Pg ID 119; 21 at Pg ID 127.

In March, 2017 Defendants filed a Motion to Dismiss for Failure to Prosecute, Dkt. 15. Plaintiffs did not respond to Defendants Motion to Dismiss until June 9, 2017, when they also filed their own Motion to Dismiss. Dkts. 17; 19.

Both parties agree that this case should be dismissed. Dkt. 18 (Plaintiffs' Mot. to Dismiss); Dkt. 21 (Defendant's Mot. in Opposition to Plaintiffs' Mot. to Dismiss). Their only disagreement is whether the dismissal should be with or without prejudice. *Id.* Defendants also argue they are entitled to attorneys' fees for defending against this action. Dkt. 21. For the reasons outlined below, Plaintiffs' Motion to Dismiss, Dkt. 18, is GRANTED without prejudice and without the condition that Plaintiffs pay Defendants' attorneys' fees. Defendants' Motion to Dismiss for Failure to Prosecute and their Motion to Strike or in the Alternative for Permission to File a Reply, Dkts. 15; 20, are DENIED as moot.

## II. Background

On August 19, 2015 three assailants followed Plaintiffs to their room in a Nashville La Quinta, forced their way into that room, and then shackled and assaulted Plaintiffs. Dkt. 1-1 at Pg. ID 9. The assailants beat Plaintiff Williams and burned him with a hot iron, so that he would reveal where Plaintiffs were storing their money and other valuables. *Id.* The assailants also threatened to kill Plaintiffs. *Id.* After the assault, Plaintiff Williams was hospitalized for his burns and other injuries. *Id.* At Pg ID 9-10.

One year later, Plaintiffs filed this action in Tennessee state court against La Quinta Development Partners, L.P, and its subsidiary property management company—BRE/LQ Properties LLC—which owned and operated the La Quinta at which Plaintiffs were assaulted. Dkt. 1-1. In their Complaint, Plaintiffs alleged that Defendants breached their duty of care by failing to provide adequate security for their guests; particularly given the hotel's location in a known high-crime area. Dkt. 1-1 at Pg ID 10. Plaintiffs requested 2 million dollars in compensatory damages and 5 million dollars in exemplary and punitive damages. Dkt. 1-1 at Pg ID 12.

Defendants removed this case to federal court on September 13, 2016, Dkt. 1, and filed their Answer to the Complaint on September 20, 2016. Dkt. 6. Defendants then submitted their first, Proposed

3

Case Management Order on November 7, 2016. Dkt. 7. The Court set the Initial Case Management Conference for December 8, 2016. Dkt. 8. Defendants filed a second Proposed Case Management Order on December 5, 2016. Dkt. 9.

Plaintiffs' original counsel was not admitted in the Middle District of Tennessee, so Plaintiffs' local counsel, Attorney Luvell Glanton, entered an initial appearance on December 7, 2016. Dkt. 10. On December 8, 2016, Defendants filed a motion on behalf of Plaintiffs to continue the Initial Case Management Conference until January 11, 2017, Dkt. 11, which the Court granted. Dkt. 12.

In advance of that rescheduled case management conference, Defendants submitted a third Proposed Case Management Order, which noted that Plaintiffs had not initiated any preparation of the proposed order as they were required to under Local Rule 16.01(d), nor had they responded to any drafts of the proposed orders that Defendants had sent to them. Dkt. 13 at Pg ID 46, n. 1. Plaintiffs did not appear at the rescheduled case management conference on January 11, 2017. Dkt. 14 at Pg ID 51, and the Court adopted Defendants' proposed discovery and briefing schedule. *Id*.

On March 17, 2017, Defendants filed a Motion to Dismiss for Failure to Prosecute under Fed. R. Civ. P. 37(c)(1) and 41(b). Dkt. 15. Defendants seek dismissal under either Rule 37(c)(1) (because Plaintiffs have not complied with court orders to initiate the case

4

management process, appear at the case management conference, and serve their Initial Disclosures under Fed. R. Civ. P. 26); or under Rule 41(b) (because Plaintiffs have not prosecuted their case); or under both rules. Dkt. 15 at Pg ID 57, 59.

This case was reassigned to Judge Terrence Berg in the Eastern District of Michigan on April 11, 2017 at which time Defendants' Motion to Dismiss for Failure to Prosecute, Dkt. 15, was still pending without a response.

On June 9, 2017 Plaintiffs filed both an opposition to Defendants' Motion to Dismiss, Dkt. 15, and their own Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(a)(2). Dkts. 17; 18.

In their response to Defendants' Motion to Dismiss Plaintiffs "acknowledg[ed] that they [had] failed to initiate the preparation and submission of a proposed case management order," and "that they [had] made minimal effort to move this case forward." Dkt. 17 at Pg ID 103. Plaintiffs' counsel's justification for this was that he had more recently joined the case as local counsel—because lead counsel was not admitted in the Middle District of Tennessee—had only received one electronic notice in the case since entering his appearance, and was thus unaware of Defendants' Motion to Dismiss for Failure to Prosecute. *Id.*

In their Motion for Order Dismissing Case Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiffs state they can no longer afford to litigate

5

the case and assert that dismissal without prejudice or "curative conditions" (i.e., attorneys' fees) is warranted because Defendants have not spent significant time or money preparing for trial, neither party has begun discovery, and Defendants have not yet filed a summary judgment motion. Dkt. 19 at Pg ID 109.

On June 22, 2017 Defendants responded by filing two motions. Dkts. 20; 21. First, they filed a Motion to Strike or in the Alternative, for Permission to File a Reply to Plaintiffs' Motion to Dismiss. Dkt. 20. In that motion Defendants argue that Plaintiffs' opposition to Defendants Motion to Dismiss was not timely filed and should therefore be stricken. Dkt. 20 at Pg ID 116. Alternatively, Defendants' argue they should be given leave to file a reply to Plaintiffs' opposition. *Id.* Defendants attached their proposed reply in support of their Motion to Dismiss for Failure to Prosecute, Dkt. 20-1, in which they argue that Plaintiffs had made no effort to pursue the case beyond filing the initial complaint, and that local counsel's assertions that he had not received notice of Defendants' Motion to Dismiss were false. Dkt. 20-1 at Pg ID 118-19. This conduct, Defendants assert, warrants dismissal of the case with prejudice for failure to prosecute. *Id.* at Pg ID 120.

Second, Defendants filed a Response in Opposition to Plaintiffs' Motion to Dismiss. Dkt. 21. Defendants argue that they would suf-

fer "plain legal prejudice" if the case were dismissed without prejudice given the time and expense they have already incurred and the threat of future litigation. *Id.* at Pg ID 127-29. If, however, the Court dismisses the case without prejudice, Defendants request that Plaintiffs be ordered to pay Defendants attorneys' fees from this action should Plaintiffs re-file the case in the future. *Id.* at Pg ID 129-30.

### III. Standard of Review

A court may dismiss an action "at the plaintiff's request" and "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A dismissal under Rule 41(a)(2) is without prejudice unless the court states otherwise. *Id.* And it is generally appropriate unless the non-moving party—here Defendants—can show they will suffer "plain legal prejudice." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1993).

Courts consider four factors in determining whether this plain legal prejudice will result from a dismissal without prejudice: 1) defendant's effort and expenses preparing for trial; 2) the degree of plaintiff's excessive delay or lack of diligence; 3) insufficient explanation for the need to take a dismissal; and 4) whether defendant has filed a motion for summary judgment. *Id.*

Courts have broad discretion in evaluating each of the four *Grover* factors and no single factor is dispositive. *Rosenthal v.*

7

*Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007). Additionally, Plaintiffs do not have to show that all four factors weigh in their favor to prevail on a motion for dismissal without prejudice. *Id.* at 503 ("The factors are simply a guide for the trial judge in whom the discretion ultimately rests")(quoting *Kovalic v. DEC Intern., Inc.*, 855 F.2d 471, 474 (7th Cir. 1988))(internal quotations omitted).

Finally, "the mere prospect of a second lawsuit," is not sufficient to show plain legal prejudice. *Id.*; *see also e.g., Carr CSL Plasma, Inc.*, No. 14-cv-2267-JTF-cgc, 2016 WL 12805769 at *1 (W.D. Tenn. Aug. 17, 2015)("Generally, courts approve such dismissals [without prejudice] unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit")(citing 9 C. Wright & A. Miller, Federal Practice and Procedure §2363 at 165 (1971)); *see also* 9 C. Wright & A. Miller, Federal Practice and Procedure §2364 (2017)(same).

Rather, plain legal prejudice results where dismissal without prejudice would "strip a defendant of an absolute defense," or where "the law clearly dictates a result for the defendant." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007)(citing *Grover*, 33 F.3d at 718). In both of these instances subjecting defendants to the threat of future liability—by dismissing a

case without prejudice—where they had already proven they were not liable would be unfair. *Id.*

## IV. Analysis

Because both parties now seek to dismiss this case, Defendants' Motion to Dismiss for Failure to Prosecute, Dkt. 15, and their Motion to Strike or in the Alternative, for Permission to File a Reply, Dkt. 20, are **DENIED** as moot. The remaining issues are 1) whether to grant the dismissal without prejudice; and 2) if the dismissal is without prejudice, whether Defendants should receive attorneys' fees for their time spent defending against this action in the event that Plaintiffs re-file this case. For the reasons discussed below, Plaintiffs' Motion to Dismiss, Dkt. 18, is **GRANTED without prejudice** and Plaintiffs will not be required to pay Defendants' attorneys' fees at this time.

### i. Dismissal Without Prejudice

District courts have broad discretion to dismiss cases without prejudice under Rule 41(a)(2). *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.39 948, 953 (6th Cir. 2009). Defendants have not shown, on balance, that under the four *Grover* factors they will suffer plain legal prejudice as a result of a dismissal without prejudice.

**a) Defendants' Time and Expense**

Courts have found plain legal prejudice where defendants have been served with and provided discovery, scheduled depositions at which Plaintiffs failed to appear, filed summary judgment motions, and prepared for trial. *Compare, Rast v. City of Pigeon Forge,* No. 3:10-CV-52, 2011 WL 884041, at *3 (E.D. Tenn. Mar. 11, 2011)(both parties participated in and completed discovery and defendant had attempted to depose plaintiff and filed a summary judgment motion), *with Allen v. Davidson Transit Organization*, No. 3:08-0273, 2009 WL 5170206, at *2 (defendant had engaged in "some discovery," but had not filed a summary judgment motion or done any specific trial preparation).

Defendants' expenditures in this case have been comparatively minimal. Without offering specifics in terms of hours or amounts, Defendants argue they have spent significant time and money drafting and filing three, virtually identical proposed case management plans; drafting and filing three short motions with similar content; and serving their initial requests for production, interrogatories, and requests for admission on Plaintiffs a few weeks before Plaintiffs moved to voluntarily dismiss this case. *See* Dkt. 21 at Pg ID 127. As Defendants acknowledged, they have not yet been served with any discovery and have therefore not incurred any time or expense responding to those requests. Dkt. 20-1 at Pg ID 119. At the time Defendants filed their opposition to Plaintiffs'

Motion to Dismiss on June 22, 2017, this case had been before the Court for less than a year. Moreover, Defendants have not yet filed a summary judgment motion.

Defendants' relatively limited litigation activity does not support a finding of plain legal prejudice at this time.

**b) Plaintiffs' lack of diligence in pursuing this action**

The record shows that Plaintiffs have failed to propose scheduling dates, appear at the Initial Case Management Conference, and timely respond to Defendants' Motion to Dismiss. Their lack of diligence in prosecuting this case is unprofessional and weighs in favor of dismissing the case with prejudice. But, as noted above, a single *Grover* factor is not dispositive by itself; particularly where the remaining three factors are unsupported and Defendants' argument for plain legal prejudice rests almost exclusively on the possibility of a future lawsuit.

**c) Sufficiency of the justification for dismissal**

Plaintiffs' assertion that they can no longer afford to proceed with this litigation is a sufficient explanation for requesting dismissal. *See Smith v. Davidson Transit Organization*, No. 3:08-0271, 2009 WL 6170205, at *1 (M.D. Tenn. Dec. 15, 2009)(plaintiff's justification that she could not "continue to pursue this action given its increasing costs versus potential outcome" was sufficient).

Contrary to Defendants' argument that Plaintiffs must provide "facts" that show they cannot afford to pursue this suit, Dkt. 21 at Pg ID 129, Plaintiffs need only provide "some logical justification" for requesting dismissal. *Carr CSL Plasma, Inc.*, 2015 WL 12805769, at *3 (plaintiff's justification that she needed to reevaluate her trial strategy was sufficient).

Plaintiffs' justification for requesting dismissal is therefore sufficient and supports granting their motion without prejudice.

**d) Pending motions for summary judgment**

Defendants have not yet filed a summary judgment motion in this case. This factor does not support a finding of plain legal prejudice and therefore weighs in favor of granting Plaintiffs' motion to dismiss without prejudice.

Because *Grover* factors one, three, and four, all weigh in favor of Plaintiffs, and because Defendants' primary concern appears to be avoiding a second lawsuit—which alone is not a proper basis for requiring dismissal with prejudice—the Court finds that dismissing this case without prejudice will not result in "plain legal prejudice" to Defendants, and will therefore grant Plaintiffs' Rule 41(a)(2) motion. Dkt. 18.

## ii. Defendants' Attorneys' Fees

Defendants alternatively request that the Court condition its dismissal on Plaintiffs paying Defendants' attorneys' fees from this

action if Plaintiffs ever re-file this case. Dkt. 21, Pg. ID 130. District courts enjoy broad discretion in deciding whether to attach conditions to a voluntary dismissal without prejudice under Rule 41(a)(2). *Duffy v. Ford Motor Co.*, 218 F.3d 623, 633 (6th Cir. 2000).

There is no requirement, however, that courts order the party requesting dismissal under Rule 41(a)(2) to pay the other party's costs and fees as a condition of that dismissal. Indeed this Circuit has "expressly rejected the contention that the payment of defense costs is universally required for voluntary dismissal under Rule 41(a)(2)." *Bridgeport Music*, 583 F.3d at 954 (district court did not abuse its discretion in denying defendants' requests for attorneys' fees from the twenty cases plaintiffs dismissed against them).

The circumstances in *Orix Financial Serv's, Inc. v. Interstate Capital Corp.*, No. 3:05-0538, 2006 WL 229047, at *1 (M.D. Tenn. Jan. 27, 2006), attached to but not discussed in Defendants' opposition to Plaintiffs' motion to dismiss, are quite different from those before the Court. There, the plaintiff moved to voluntarily dismiss its suit after discovering it was time-barred in federal court and openly expressed its intent to refile the action immediately in a state court with a more generous statute of limitations. *Id.* The court granted the motion to dismiss without prejudice. *Id.* at *4. But given the plaintiff's clear "miscue" of filing a time-barred suit, and

the immediate prospect of its second, duplicative suit, the court conditioned that dismissal on payment of defendants' attorneys' fees. *Id.*

Here, Plaintiffs have given no indication they intend to immediately refile this matter in another court. Indeed, the record suggests that it is unlikely the case will be refiled because Plaintiffs have represented to the Court that they currently do not have the resources to pursue it.

Moreover, there is no indication that Plaintiffs purposefully delayed bringing this motion to dismiss, or that the defense of this matter has imposed substantial costs on Defendants. *See Price v. Biomet Microfixation, LLC*, No. 1:14-CV-222, 2015 WL 58774, at * 3 (E.D. Tenn. Jan. 5, 2015) (refusing to condition dismissal on a fee award without evidence that plaintiffs had acted in bad faith, delayed their motion to dismiss, or that defendants had "incurred substantial expense in defending the case"); *see also Malibu Media, LLC v. Ricupero*, No. 16-36268, 2017 WL 370090 at *6 (6th Cir. Aug. 28, 2017)(plaintiff had not brought the action "solely for the purpose of harassing, embarrassing, or abusing" defendant, nor attempted to increase defendants' costs through delay, and thus should not be required to pay defendants' attorneys' fees as a condition of voluntary dismissal).

In the event Plaintiffs refile this matter, the court will entertain any request for costs associated with this action under Fed. R. Civ. P. 41(d).[1] *See Noel v. Guerrero,* 479 F. App'x 666, 670 (6th Cir. 2012)(noting Rule 41(d) protected defendants from covering duplicative litigation costs in a second lawsuit after dismissal without prejudice of the first).

> Rule 41(d) provides:
> If a plaintiff who previously dismissed an action in any court files and action based on or including the same claim against the same defendant, the court
>
> 1) may order the plaintiff to pay all or part of the costs of that previous action; and
> 2) may stay the proceedings until the plaintiff has complied.

Given that this litigation is one year old, has involved minimal motions practice and virtually no discovery, and given that Defendants retain the option of recovering their costs in the event Plaintiff refiles, the Court will exercise its discretion and deny Defendants' request to condition the dismissal on a requirement that Plaintiffs pay Defendants' attorneys' fees if they ever re-file this case. Should

---

[1] The Sixth Circuit only permits parties to recover costs from previous litigation, not attorneys' fees. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 875 (6th Cir. 2000)("[A]ttorneys' fees are not available under Rule 41(d). The reason is simple—the rule does not explicitly provide for them").

15

Plaintiffs seek to refile this matter—after imposing costs on Defendants only to voluntarily dismiss—the Court would entertain a motion to recover the costs of this action at that time.

## V. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Dismiss, Dkt. 18, is **GRANTED** and the case is dismissed without prejudice. Defendants' Motion to Dismiss for Failure to Prosecute, Dkt. 15, and their Motion to Strike or in the Alternative, for Permission to File a Reply, Dkt. 20, are **DENIED** as moot.

**SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION

Dated: September 21, 2017

**Certificate of Service**

I hereby certify that this Order was electronically submitted on September 21, 2017, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager